IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

FILED
2024 FEB -2 A 9:01

| | | |
|---|---|---|
| ROVSHAN HAMIDOV, | ) | |
| Plaintiff, | ) | |
| | ) | 1:24 cv 175 |
| | ) | |
| V. | ) | VERIFIED COMPLAINT |
| | ) | |
| | ) | |
| COINBASE, | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

The Plaintiff, Rovshan Hamidov [hereinafter collectively referred to as "Plaintiff" or ("Hamidov")], now comes Pro Se, and for its Verified Complaint, hereby alleges and states as follows:

## PARTIES

I. Plaintiff, Rovshan Hamidov, is an individual who is domiciled in The State of Virginia.

I. Plaintiff, Rovshan Hamidov, is an individual who is domiciled in The State of Virginia.

II. Defendant, Coinbase, ["CB"] is a corporation that is organized under the laws of The State of California, with its principal place of business in San Francisco, California. No member of Coinbase is a citizen of or domiciled in the State of Virginia.

III. Defendant provides personal and/or individual financial investment and savings/holding infrastructure products to the general public.

## JURISDICTION AND VENUE

I. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 because of diverse citizenship between Plaintiff and Defendant and because this is an action for damage in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

II. Venue is proper in the Eastern District of Virginia as this is the district in which the Plaintiff resides and/or may be found, and in which most of the acts giving rise to this action occurred.

# FACTS

I. The Plaintiff is a private individual domiciled in The United States of America who is employed as Chief Operations Officer of a private corporation located in Virginia. Plaintiff professionally plays a significant role in managing a business portfolio of around forty-eight million dollars [$48,000,000.00].

II. Plaintiff is a customer of Defendant.

Plaintiff, through individual intelligence, entrepreneurship and human ingenuity, along with the aid of God, is in the professional business of servicing subprime auto loans generated by an affiliated Car Dealership, alongside an internally-partnered, financial services institution ["Bank"].

III. The term "fiduciary responsibility" is commonly and legally accepted in US Courts as describing **the legal responsibility to act solely in the best interest of another party**.

"Fiduciary" means trust, and a person with a fiduciary duty has a legal obligation to maintain that trust. For example, lawyers have a fiduciary duty to act in the best interest of their clients.

IV. Defendant operates in the public square as a financial services agent, handling the securing of both physical and electronic, monetary deposits and transfers for its customers [FDIC insured up to $250,000 per individual account, according to existing Federal Regulations] throughout, before and post, investment activity.

V. A Consumer "Dispute" is described by Coinbase as being the process by which a customer ["Consumer"] seeks financial relief from Coinbase ["Defendant"] in the form of a refund, or credit (provisional and permanent).

VI. The Consumer Financial Protection Bureau is an independent agency of the United States government responsible for consumer protection in the financial sector.

VII. Article 3 of Consumer Dispute Policy and Regulation outlines the following:

**Reasonable investigation.** *A creditor must conduct a reasonable investigation before it determines that no billing error occurred or that a different billing error occurred from that asserted. In conducting its investigation of an allegation of a billing error, the creditor may reasonably request the consumer's cooperation. The creditor may not automatically deny a claim based solely on the consumer's failure or refusal to comply with a particular request, including providing an affidavit or filing a police report. However, if the creditor otherwise has no knowledge of facts confirming the billing error, the lack of information resulting from the consumer's failure or refusal to comply with a particular request may lead*

4

VIII. On or about January 16, 2024 and the days thereafter, Plaintiff engaged in investment activities, utilizing Defendants' transfer apparatus and computerized infrastructure.

IX. Plaintiff found himself to be scammed by a third party who turned out to be an unidentified party utilizing legal and legitimate sites and instruments, to interface with members of the public for the purpose of financial entrapment.

X. Upon discovery of being a financial fraud victim, Plaintiff immediately contacted his financial institution ["Wells Fargo"] and Defendant, Coinbase, for the purpose of filing a customer dispute due to fraud.

XI. "Fraud" is a legally covered, financial crime category within the financial services industry, which shall be credited back to a customer's account upon the adequate completion of a *Consumer Dispute*, by a consumer or an authorized third party.

XII. Hamidov ["Plaintiff"] submitted a Consumer Dispute with Wells ["Defendant"] which was subsequently denied. [A] $25,000. Case ID: 285242082, [B] $150,000. Case ID: 65474388, [C] $63,000. Case ID: 65474455; Case Complaint No: 06202401223369407. Hamidov ["Plaintiff"] was subsequently, completely ignored by Coinbase to-date, which has led to this filing.

XIII. Section 1026.13(a)(3) of Federal Regulations surrounding the aforementioned types of transactions covers disputes about goods or services that are *"not accepted"* or **"not delivered as agreed"**; for example:

*A. The appearance on a periodic statement of a purchase, when the consumer refused to take delivery of goods because they did not comply with the contract.*

5

*B. Delivery of property or services different from that agreed upon.*

*C. Delivery of the wrong quantity.*

*D. Late delivery.*

*E. Delivery to the wrong location.*

ii. Section 1026.13(a)(3) does not apply to a dispute relating to the quality of property or services that the consumer accepts. Whether acceptance occurred is determined by state or other applicable law.

## FIDUCIARY ABUSEP

**Re**: *Duty of Care*

The <u>duty of care</u> requires that directors inform themselves "prior to making a business decision, of all material information reasonably available to them."

See <u>Smith v. Van Gorkem, 488 A.2d 858 (1985)</u>.

Whether the directors were informed of all material information depends on the quality of the information, the advice available, and whether the directors had "sufficient opportunity to acquire knowledge concerning the problem before action."

See <u>Moran v. Household Intern. Inc., 490 A.2d 1059 (1985)</u>.

*Moreover, a director may not simply accept the information presented. Rather, the director must assess the information with a "critical eye," so as to protect the interests of the corporations and its stockholders.*

See *Smith v. Van Gorkem, 488 A.2d 858 (1985)*.

**Duty of Loyalty**

*The duty of loyalty means that all directors and officers of a corporation working in their capacities as corporate fiduciaries must act without personal economic conflict. As the Delaware Supreme Court explained in Guth v. Loft, 5 A.2d 503, 510 (Del. 1939), "Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interest."*

**Duty of Good Faith**

*Under the duty of good faith, a corporation's directors and officers must advance interests of the corporation and fulfill their duties without violating the law.*

See *In re The Walt Disney Co. Derivative Litig., 906 A.2d 27 (Del. 2006)*.

**Duty of Confidentiality**

*Under the duty of confidentiality, a corporation's directors and officers must keep corporate information confidential and not disclose it for their own benefit.*

See *Guth v. Loft, Inc., 5 A.2d 503 (Del. 1939)*.

**Duty of Prudence**

*Under the duty of prudence, a trustee must administer a trust with the degree of care, skill, and caution that a prudent trustee would exercise.*

See *Amgen Inc. v. Harris, 577 U.S. (2016)*.

Defendant, Coinbase, through its staff, employees, contractors, servants and willing participants, engaged in a direct violation of due process in consumer practice. Despite being repeatedly contacted by a consumer, for an entire week, Defendant refused to even acknowledge Plaintiff. Coinbase was subsequently electronically provided with verifiable, direct evidence of 3rd party fraud (ironically from Wells Fargo internal system information), in order to maximize corporate financial standing, in an effort to deceive, exploit and take financial advantage of, Coinbase willfully denied a valid fraud complaint from a customer in good standing and who has not been tied to any fraudulent activity associated thereto.

WHEREFORE, the Plaintiff demands and prays for the following relief:

(1) Judgment in favor of Plaintiff against Defendants, in the amount of $400,000.00 which includes both actual and punitive relief; and,

(2) Any and all relief as further deemed appropriate by The Honorable Court.

8

THE PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

ROVSHAN HAMIDOV
/s/ Rovshan Hamidov,
Suing as a Private Individual.
Email: rovshan@caspiancars.us
Phone: 202-317-1856

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via electronic mail and filed electronically via CM/ECF or mailed by first class mail on February 01, 2024 to the following parties:

*COINBASE*

*Attention: Legal Department*

*548 Market Street*

*San Francisco, CA 94104*

/s/Rovshan Hamidov.  Rovshan Hamidov, Plaintiff.

February 01, 2024